# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

## SHREVEPORT DIVISION

| | |
|---|---|
| **BYRON S. LLOYD** | **CIVIL ACTION NO. 13-2492-P** |
| **VERSUS** | **JUDGE FOOTE** |
| **KEVIN STRICKLAND, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Byron S. Lloyd ("Plaintiff"), pursuant to 42 U.S.C. § 1983.  This complaint was filed in the United States District Court for the Middle District of Louisiana and by order was transferred and received in this court on August 16, 2013.  Plaintiff is incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.  He names Detective Kevin Strickland, Detective V.R. Curtis, and Supervisor B.W. Strange as defendants.

Plaintiff claims that after his trial on April 3, 2013, he reviewed the transcript of Detective Strickland's testimony regarding his interview at the Shreveport Police Department. He claims he and his mother were interviewed by Detective Curtis and Detective Strickland on December 19, 2011.  He claims he told both detectives that he had a motorcycle accident the previous year, 2010, which left him disabled due to a stroke.  He claims he is mentally and

physically impaired.  He claims he is partially paralyzed on the right side of his body and must walk with a cane.  He claims he has problems with thinking, remembering, speaking, and comprehending others.  Plaintiff claims that during the interview his Miranda rights were violated.  He claims he was arrested after his interview.

Plaintiff claims the investigating officers and their supervisor did not accommodate his disability during the interview.  He claims his rights were violated during his detention from December 19, 2011 until December 21, 2011, when Defendants failed to protect his rights as a disabled individual under Title II of the ADA.  He claims they denied him the right to seek medical treatment or a mental health evaluation.

Plaintiff claims Detective Strickland wrote a follow-up complaint in which he stated that he found it difficult to believe that he was disabled or suffered a stroke because he was married with children and knew how to drive a truck.  He claims Detective Strickland mocked him and said that he was mentally incompetent, but lived a regular lifestyle.  He claims Detective Strickland was comparing his mental disability to mental retardation.

Accordingly, Plaintiff seeks compensatory and punitive damages and court costs.

For the reasons discussed below, Plaintiff's claims should be dismissed with prejudice as frivolous.

## LAW AND ANALYSIS

In Wilson v. Garcia, 471 U.S. 261 (1985), the Court articulated the guidelines to be used in determining what prescriptive period should apply to Section 1983 claims.  The Court determined "§ 1983 claims are best characterized as personal injury actions" and the forum

state's statute of limitations applicable to such claims should be used.  Id. at 280.  In Gates v. Spinks, 771 F.2d 916 (5th Cir. 1985), the Fifth Circuit Court of Appeals phrased the test as: "The state statute governing the general tort remedy for personal injuries should apply to 1983 actions . . ." Gates, 771 F.2d at 919.

The Louisiana Civil Code provides a general prescriptive statute that governs tort actions.  The article subjects delictual actions to a liberative prescription of one year.  See La. C.C. art. 3492.  The Fifth Circuit qualified this prescriptive period, however, when it held that "a section 1983 action accrues and the statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis for the action." Watts v. Graves, 720 F.2d 1416, 1417 (5th Cir. 1983).

Plaintiff claims his civil rights were violated by Defendants from December 19, 2011 until December 21, 2011.  Thus, prescription began to run as to these claims in December 2011 at the latest.  The above entitled and numbered complaint was not signed by Plaintiff until August 7, 2013, and it was not filed by the Clerk of Court until August 13, 2013.  Plaintiff's claims are therefore prescribed.

Accordingly, Plaintiff's civil rights complaint should be dismissed as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed.  See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766

F.2d 179 (5th Cir. 1985).  District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319 (1989).  See also Gartrell v. Gaylor, 981 F.3d 254, 256 (5th Cir. 1993) ("Where it is clear from the face of a complaint filed in forma pauperis that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed pursuant to § 1915.")

For the reasons stated above, the court finds that the IFP complaint of Plaintiff lacks an arguable basis either in law or in fact.

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

### OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and

recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the  proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 4th day of April, 2016.

Mark L. Hornsby
U.S. Magistrate Judge